Docket No. 102462.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

EAGLE MARINE INDUSTRIES, INC., *et al.*, Appellees, v. UNION PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed January 25, 2008.*

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

Plaintiffs, Eagle Marine Industries, Inc., River City Landscape Supply, Inc., and ConAgra Foods, Inc., doing business as Peavy Company, filed a complaint for injunctive relief against defendant, Union Pacific Railroad Company. Plaintiffs sought to enjoin and restrain defendant from obstructing a railroad grade crossing located on Monsanto Avenue west of Route 3 in Sauget, Illinois, for more than 10 minutes under section 18c–7402(1)(b) of the Illinois Vehicle Code (625 ILCS 5/18c–7402(1)(b) (West 2004)) (the Illinois blocked-crossing provision). Defendant moved to dismiss, alleging that the Illinois blocked-crossing provision was preempted by the Federal Railroad Safety Authorization Act of 1994 (49 U.S.C. §20101 *et seq.* (2000)) (FRSA) and the federal Interstate Commerce Commission

Termination Act of 1995 (49 U.S.C. §10101 *et seq.* (2000)) (ICCTA). Defendant further alleged that the blocked-crossing provision violated the commerce clause of the United States Constitution (U.S. Const., art. I, §8, cl. 3). Defendant also argued that plaintiffs' claim was barred because the Illinois blocked-crossing provision does not provide for a private cause of action.

The circuit court denied defendant's motion to dismiss and entered a preliminary injunction, ordering defendant not to obstruct the grade crossing at Monsanto Avenue for a period of greater than 10 minutes. After conducting an evidentiary hearing, the circuit court entered a permanent injunction. In doing so, the circuit court concluded that the Illinois blocked-crossing provision was not preempted by the FRSA or the ICCTA. The circuit court further concluded that the Illinois blocked-crossing provision did not violate the commerce clause. Lastly, the circuit court found that a private right of action exists under the Illinois blocked-crossing provision.

The appellate court affirmed. 363 Ill. App. 3d 1166. We allowed defendant's petition for leave to appeal. 210 Ill. 2d R. 315(a). For the reasons that follow, we reverse the judgment of the appellate court.


Analysis

In *Village of Mundelein v. Wisconsin Central R.R.*, No. 103543 (January 25, 2008), we held that a Mundelein village ordinance, which adopted by reference the Illinois blocked-crossing provision, was preempted by section 20106 of the FRSA. *Village of Mundelein*, slip op. at 12. We further held that the savings clause contained in section 20106 does not apply. *Village of Mundelein*, slip op. at 17. Accordingly, the Mundelein village ordinance was held unenforceable. *Village of Mundelein*, slip op. at 17. *Village of Mundelein* dictates the outcome of this case.

Although *Village of Mundelein* involved a village ordinance, the ordinance mirrors the Illinois blocked-crossing provision at issue here. Both contain the same language and, thus, regulate "railroad safety" and, more particularly, the length and speed of trains. Because the ordinance and statute at issue here are identical, the analysis and conclusions set forth in *Village of Mundelein* control. Accordingly,

we hold that the Illinois blocked-crossing provision is preempted by section 20106 of the FRSA.

Moreover, in *Village of Mundelein*, we held that the ordinance at issue violated the commerce clause of the United States Constitution. *Village of Mundelein*, slip op. at 15-16. The same is true here.

Based on our conclusion that the Illinois blocked-crossing provision is preempted by the FRSA, we need not reach the issue of whether that provision provides for a private cause of action. In addition, since section 20106 of the FRSA preempts the Illinois blocked-crossing provision, we also need not reach the issue of whether the blocked-crossing provision is preempted by the ICCTA. Because the Illinois blocked-crossing provision is preempted by the FRSA, we find that the circuit court erred in denying defendant's motion to dismiss and in entering the permanent injunction in favor of plaintiffs. We therefore remand this cause to the circuit court with directions to enter an order dissolving the permanent injunction and granting defendant's motion to dismiss.

## Conclusion

For the reasons stated, we reverse the judgments of the appellate and circuit courts and remand the cause to the circuit court with directions.

*Appellate court judgment reversed*;
*circuit court judgment reversed;*
*cause remanded with directions.*